IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. **12-CR-00045-WYD**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**12.  MONROE, Michael**

    Defendant.

---

### DEFENDANT'S MOTION FOR COMPETENCY
### EVALUATION AND FOR THRESHOLD HEARING

---

    COMES NOW the Defendant, Michael Monroe, by and through counsel, Anthony Viorst, Esq., of The Viorst Law Offices, P.C., and seeks a competency evaluation in the above-captioned matter, and a threshold hearing, as follows:

### Factual Background

    1.    In this multi-defendant case, Mr. Monroe is charged with conspiracy to distribute a controlled substance. It is alleged that Mr. Monroe either directly purchased drugs, or facilitated the purchase of drugs by others, and that he or others then re-sold those drugs.

    2.    Undersigned counsel has been representing Mr. Monroe for more than a year, and has met with him on multiple occasions.

    3.    During those visits, undersigned counsel has diligently attempted to explain to Mr. Monroe the evidence in the case, and the elements of the charge against him. *See*

Attachment 1 (Jury Instruction defining "conspiracy"). Undersigned counsel has also attempted to discuss with Mr. Monroe how the evidence tends to prove or disprove the charges.

4. In particular, undersigned counsel has attempted to explain to Mr. Monroe that the interdependence element of a conspiracy charge is satisfied if "the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole." *United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009).

5. Despite undersigned counsel's explanation of the applicable law, Mr. Monroe has continued to insist that he cannot be convicted of conspiracy to distribute a controlled substance unless the evidence shows he was a "drug kingpin," or a primary actor in the drug enterprise.

6. On April 3, 2013, undersigned counsel received an e-mail from Ms. Knox, the Assistant United States Attorney assigned to this case. *See* Attachment 2. In that e-mail, Ms. Knox stated that on April 19, 2013 she would be filing a "sentencing enhancement pursuant to 21 USC §851 which will take [Mr. Monroe's] minimum sentence to 20 years . . ." Ms. Knox advised further that "once the Government files the enhancement, we cannot withdraw it." Ms. Knox stated further that the enhancement would not be filed if, on or before April 19, 2013, Mr. Monroe expressed his intention to forego a trial by means of a guilty plea. On April 18, 2013, Ms. Knox sent undersigned counsel a second e-mail, re-affirming her intentions. Attachment 2.

7. Undersigned counsel met with Mr. Monroe on the morning of April 19, 2013, at the Federal Detention Center in Englewood. During that meeting, undersigned counsel and Mr. Monroe again reviewed the facts and the law relating to Mr. Monroe's case. In addition, undersigned counsel apprised Mr. Monroe of Ms. Knox's April 3, 2013 e-mail, and her April 18, 2013 follow-up e-mail.

8.      During the April 19, 2013 meeting, Mr. Monroe appeared, for the first time, to absorb what undersigned counsel was saying.  At the conclusion of the meeting, Mr. Monroe indicated that, rather than risk a sentence of 20 years or more, he wished to forego a trial, and avail himself of a guilty plea in this matter.  Undersigned counsel promptly notified Ms. Knox of Mr. Monroe's intentions, and filed a notice of disposition with this Court.

9.      On Tuesday, April 23, 2013, undersigned counsel received a letter, and a phone call, from Mr. Monroe.  In those communications, Mr. Monroe did not ask undersigned counsel to withdraw the notice of disposition.  However, he once again insisted that he could not be convicted of conspiracy to distribute a controlled substance unless he was a "drug kingpin," and chastised undersigned counsel for providing him with poor legal representation.

**Legal Argument**

Federal law protects a criminal defendant's right to be competent during the course of a criminal prosecution.  Specifically, 18 U.S.C. §4241(a) provides that a defendant may request a hearing to determine his competency, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

Undersigned counsel hereby affirms that, due to Mr. Monroe's inability to grasp the applicable facts and law, undersigned counsel has reasonable cause to believe that Mr. Monroe is unable to understand the nature of the proceedings against him, or to assist properly in his defense.  In addition, although undersigned counsel is not a trained mental health professional, undersigned counsel is concerned that Mr. Monroe's inability to absorb the information relayed

to him by undersigned counsel could be caused by a mental disease or defect, including but not limited to Attention Deficit Disorder or Obsessive Compulsive Disorder.

Although this Court is not obligated to order a competency evaluation based upon the instant motion alone, this Court should hold a threshold hearing, and undertake "a gate keeping determination" as to whether a competency hearing is warranted. *See United States v. Patterson*, ___ F.3d ___, 2013 WL1365720 (10th Cir. 2013). Mr. Monroe hereby requests such a threshold hearing in this matter.

WHEREFORE, Defendant prays for the relief requested, and for such other and further relief as to the Court deems just and proper.

Dated this 26th day of April, 2013.

                                             **THE VIORST LAW OFFICES, P.C.**

                                             *s/ Anthony Viorst*
                                             Anthony Viorst
                                             Attorney for Defendant
                                             950 South Cherry Street, Suite 300
                                             Denver, CO 80246
                                             (303) 759-3808
                                             tony@hssspc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of April, 2013, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR COMPETENCY EVALUATION AND FOR THRESHOLD HEARING** was electronically filed using the CM/ECF system which will send notification of such filing to all counsel of record, including:

Susan D. Knox, Esq.
Assistant United States Attorney
susan.knox@usdoj.gov

and the e-mail addresses of all counsel of record in the within action.

s/ *Michelle Spadavecchia*
Paralegal